**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v. Criminal Case No: 1:11cr63

NELSON COELHO,
Defendant.

**OPINION/ ORDER CONCERNING**
**PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Nelson Coelho, in person and by counsel, Bader C. Giggenbach, appeared before me on September 15, 2011. The Government appeared by Zelda E. Wesley, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court then inquired as to what Defendant's anticipated plea would be. Defendant responded that Defendant would enter a plea of "Guilty" to a One-Count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The AUSA then summarized the agreement. Defendant then stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The undersigned reviewed with Defendant the One-Count Information, including the elements the United States would have to prove at trial, charging him with distribution of oxycodone hydrochloride, within 1000 feet of a protected location, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference

between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Nelson Coelho, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant and his counsel then verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The Court confirmed the Defendant had received and reviewed the One-Count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable

to an individual adjudicated guilty of the felony charge contained in the One-Count Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not less than one (1) year and not more than forty (40) years; understood that a fine of not more than $2,000,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to at least six (6) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; and understood that the Court may require him to pay the costs of his incarceration and supervised release.

Defendant also understood and agreed to the forfeiture of a money judgement in the amount of $10,283.00.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct: Did you and Mr. Giggenbach discuss that you have a right under 18 USC section 3142 to appeal any conviction and any sentence to the Fourth Circuit Court of Appeals within 14 days of the Judge's actual announcement of that sentence?

Def: Yes, sir.

Ct: And did you also understand from your discussions with Mr. Giggenbach, that you may have an opportunity to file a motion –I said 3142, that was 3742– but with respect to the habeas, you may have the right to file a motion under section 2255 to collaterally attack or challenge your sentence

using what is commonly called a habeas corpus motion?

Def: Yes, sir.

Ct: Did you understand that under paragraph 12 of your agreement, if the District Judge sentences you to an actual sentence which is 12 months plus one day or less of actual imprisonment, whether it be a guideline calculated sentence, the actual sentence is 12 months and one day or less, you give up your right to directly appeal to the Fourth Circuit, and you give up your right to collaterally attack or challenge that sentence using habeas?

Def: Yes, sir.

Ct: What that means as a practical matter if you were sentenced to an actual sentence of 12 months plus one day or less, and then you turned around and filed an application for appeal or a motion under 28 USC section 2255, the courts on review could reject your appeal, could reject your collateral attack on the basis that you waived your right to file it in the first place.

Def: Yes, your Honor. I understood that.

Ct: And you understood that clause when you signed the written plea agreement on July 12, 2011?

Def: Yes, sir.

Ct: And you understand that clause today?

Def: Yes, sir.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the condition contained in the plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were

made to him by the Government other than those terms contained in the amended written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on July 12, 2011, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information, the undersigned Magistrate Judge would write the subject Order and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Order, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the One-Count Information and make a determination as to whether to accept

or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Nelson Coelho, with the consent of his counsel, Bader C. Giggenbach, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count Information.

The Court then received the sworn testimony of Morgantown City Police Detective David Helms, who is assigned to the Mon Valley Drug Task Force. Det. Helms testified that he was involved in the investigation of Defendant regarding distribution of oxycodone hydrochloride during the Spring of 2011. A confidential informant ("CI") was utilized to make controlled purchases of oxycodone hydrochloride. On March 29, 2011, a controlled purchase was made by the CI from Defendant of 10 oxycodone hydrochloride pills for $280.00. The transaction took place at Defendant's residence in Morgantown, West Virginia, within 1000 feet of West Virginia University property. The transaction was recorded by both audio and video means. On April 20, 2011, a search warrant was executed and two searches were conducted of Defendant's residence. In the first search officers seized a quantity of marijuana. During

the second search officers seized approximately $10,287.00 in cash, and six additional oxycodone hydrochloride pills.

Defendant stated he heard, understood, and did not disagree with the officer's testimony regarding his own actions. From the testimony of Detective Helms, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood his right to have his charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory minimum and maximum sentence; Defendant made a knowing and voluntary plea of guilty to the One-Count Information; and Defendant's plea is independently supported by the testimony of Detective Helms, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the One-Count Information and recommends he be adjudged guilty on said charge as contained in the One-Count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The Court further **ORDERS** Defendant be released pursuant to an order setting conditions of release

to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: September 16, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE